IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COURTNEY RICHMOND and CHEF COURTNEY'S HOMEMADE BBQ SAUCE,<br><br>Plaintiffs,<br><br>vs.<br><br>ORIGINAL JUAN AND SPICIN FOODS, KIT MAXFIELD, and JOSH,<br><br>Defendants. | 8:21CV213<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint (Filing 1) sues Defendants for breach of contract and "interference with the transfer of the plaintiff[']s own intellectual property." (Filing 1 at CM/ECF p. 1.) Plaintiff alleges that the Defendants stopped commercially producing Plaintiff's barbecue sauce and then stole the recipe to produce other products.

The Complaint indicates that Plaintiff Courtney Richmond lives in South Dakota; Richmond has sued another manufacturer on the same grounds in a South Dakota federal case; the production agreement between Plaintiff Richmond and Defendant Original Juan Specialty Foods, Inc.,[1] specifies Defendant as a Kansas

---

[1] Although hard to read, the contract appears to be signed by Richmond and Defendant Kit Maxfield. (Filing 1 at CM/ECF p. 6.) Maxfield allegedly handled the

corporation and provides that the contract was "executed in the state of Kansas and shall be construed and enforced in accordance with the laws of the state of Kansas" (Filing 1 at CM/ECF p. 6); and the Confidentiality and Non-Disclosure Agreement between Richmond and Original Juan Specialty Foods, Inc., states that the latter's principal place of business is in Kansas City, Kansas, and the agreement was executed in Kansas and is to be construed and enforced pursuant to the laws of Kansas (Filing 1 at CM/ECF pp. 7-8).

Finally, Plaintiff's Complaint admits that Plaintiff attempts to bring this lawsuit in a state not involved in the parties' dispute. Specifically, Plaintiff states: "plaintiff is bringing the case here away from Kansas and South [D]akota because of conflict of interest. The parties involved are both owners of companies and are friends with local government officials . . . ." (Filing 1-1.)

## II. DISCUSSION

Plaintiff's allegations establish that he has filed this lawsuit in the incorrect venue. Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

> **(b) Venue in general**.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

contract between the parties, and Defendant Josh "handled the production of the contract." (Filing 1 at CM/ECF p. 1.)

>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case. *See De La Cruz v. United States*, No. 4:14CV3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *4 (D. Neb. July 31, 2012).

From the allegations in Plaintiff's Complaint, it appears that the proper venue for Plaintiff's case under 28 U.S.C. § 1391(b)(2) is the United States District Court for the District of Kansas since that is the judicial district where the events or omissions giving rise to Plaintiff's claims occurred.[2]

IT IS ORDERED:

1.  The District of Nebraska is an improper venue for Plaintiff's Complaint. However, in the interests of justice, the court will transfer this case to the United States District Court for the District of Kansas, a proper venue.

2.  The clerk of the court is directed to take all necessary steps to transfer this matter to the United States District Court for the District of Kansas.

---

[2]General information about the United States District Court for the District of Kansas may be found at https://ksd.uscourts.gov, and guidance for litigants proceeding without counsel in that court may be found at https://ksd.uscourts.gov/index.php/self-represented-litigants.

3.     The clerk of court shall close and terminate this case in the District of Nebraska.

DATED this 29th day of September, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge