IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COURTNEY RICHMOND and <br> CHEF COURTNEY'S HOMEMADE <br> BBQ SAUCE, <br><br> Plaintiffs, <br><br> v. <br><br> ORIGINAL JUAN AND SPICIN <br> FOODS, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 21-cv-2500-DDC-TJJ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER TO SHOW CAUSE**

**TO PLAINTIFF COURTNEY RICHMOND:**

This case was recently transferred to the District of Kansas. Upon review of the Complaint, the Court finds that federal jurisdiction is not clearly stated on the face of the Complaint. The Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper,[1] and "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[2]

It appears that Plaintiff[3] brings a breach of contract claim, which is a state law claim and not a federal claim. In the absence of a federal question, Plaintiff must allege diversity jurisdiction.[4] Plaintiff provides an address for himself in South Dakota. Residency, however, is

---

[1] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[2] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[3] There are two named Plaintiffs, but one of them appears to be a business entity of some type. A business entity may not proceed without counsel, so this Order is addressed only to pro se Plaintiff Courtney Richmond.

[4] *See* 28 U.S.C. § 1332.

not the same thing as citizenship for purposes of establishing diversity.[5] Another problem is that Plaintiff does not allege the citizenship of Defendants. The contract attached to the Complaint states that Defendant Original Juan Specialty Foods, Inc. is a Kansas corporation,[6] and the Confidentiality and Non-Disclosure Agreement states that Defendant Original Juan Specialty Foods, Inc.'s principal place of business is in Kansas City, Kansas.[7] From these documents, the Court can infer that Defendant Original Juan Specialty Foods, Inc. is a Kansas corporation. But the Complaint does not state the citizenship of the other Defendants, Kit Mayfield and Josh (LNU). Neither does it state an amount in controversy, as required by 28 U.S.C. § 1332. If Plaintiff intends to pursue his case in federal court, he must allege a source of federal jurisdiction.[8] If Plaintiff proceeds on the basis of diversity jurisdiction, he must allege the citizenship of all parties and a sufficient amount in controversy.

Plaintiff may be attempting to allege a federal question under federal law governing intellectual property, but, if so, the claim is far from clear. He does not cite a federal statute or other source of federal jurisdiction.[9] The Court therefore cannot find that federal question jurisdiction exists from the face of the Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Courtney Richmond is hereby required to show good cause in writing to the Honorable Daniel D. Crabtree, United

---

[5] *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

[6] ECF No. 1 at 5.

[7] *Id.* at 7.

[8] The Court also notes that Plaintiff has filed a motion to add parties (ECF No. 6). The citizenship of the proposed additional Defendants is not alleged. If Plaintiff asserts diversity jurisdiction exists, he will also need to identify the citizenship of the proposed additional parties. If any one of them is a citizen of the same state as Plaintiff, then they will also destroy diversity jurisdiction.

[9] *See* 28 U.S.C. § 1331.

States District Judge, on or before **December 8, 2021**, why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated November 17, 2021, at Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge