IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**COURTNEY RICHMOND, et al.,**

    **Plaintiffs,**

v.

**ORIGINAL JUAN AND SPICIN FOODS, et al.,**

    **Defendants.**

Case No. 21-2500-DDC-TJJ

## MEMORANDUM AND ORDER

Pro se plaintiffs Courtney Richmond and Chef Courtney's Homemade BBQ sauce[1] filed this lawsuit in the District of Nebraska. Doc. 1. The Nebraska federal court granted plaintiffs' Motion for Leave to Proceed In Forma Pauperis. Doc. 5. And, in that Order, the Nebraska court advised that "the next step in [the] case will be for the court to conduct an initial review of [plaintiffs'] claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2)." *Id.* at 1. And, the court said it "will conduct this initial review in its normal course of business." *Id.* Later, the Nebraska court found that it was an improper venue for plaintiffs' lawsuit and it transferred the action to our court. *See generally* Doc. 10.

After transfer, Magistrate Judge Teresa James issued a first Show Cause Order (Doc. 14) to plaintiff Courtney Richmond. Judge James's Order explained that federal jurisdiction is not

---

[1] The Complaint names two plaintiffs: (1) Mr. Richmond, and (2) Chef Courtney's Homemade BBQ Sauce. The Complaint and Mr. Richmond's other filings don't explain, at least not explicitly, the identity of the second plaintiff. But the court infers that it's the name of Mr. Richmond's barbeque sauce. Also, because plaintiffs proceed pro se, the court construes their filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

stated clearly on the face of the Complaint. So, Judge James ordered plaintiff Courtney Richmond to show cause why the district court shouldn't dismiss this action for lack of subject matter jurisdiction. *Id.* at 2–3. Mr. Richmond filed a Response to the Show Cause Order (Doc. 15). But it didn't provide any more clarity about subject matter jurisdiction.

So, the court issued a Second Notice and Order to Show Cause (Doc. 17). It again directed plaintiff Courtney Richmond to show cause why the court should not dismiss this case for lack of subject matter jurisdiction. Mr. Richmond has filed a Response to that second Show Cause Order. Doc. 18. The court considers below whether Mr. Richmond has alleged proper subject matter jurisdiction. Liberally construing Mr. Richmond's filings, the court finds that he has alleged that the court has subject matter jurisdiction over this copyright "infringement" action. *Id.* at 1. Then, the court proceeds to screen the Complaint under 28 U.S.C. § 1915(e)(2), concluding that plaintiffs' Complaint fails to allege a plausible claim under any federal copyright law. Thus, the court dismisses this lawsuit without prejudice.

### *Subject Matter Jurisdiction*

Liberally construed, Mr. Richmond alleges claims for "conversion of property[,]" "infringement[,]" and "breach of contract." Doc. 18 at 1, 5. But still, he never explains explicitly how the court has subject matter jurisdiction over his case. As the court explained in its second Show Cause Order, "[t]here are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). And, the party invoking federal jurisdiction bears the burden of showing subject matter jurisdiction exists. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Mr. Richmond hasn't established diversity jurisdiction under 28 U.S.C. § 1332. Despite the court's previous instructions, he still alleges nothing about the parties' citizenship or the amount in controversy sufficient to invoke the court's diversity jurisdiction. So, Mr. Richmond has failed to allege that the court has diversity subject matter jurisdiction.

But, affording Mr. Richmond's filings a very liberal construction, the court finds that he has alleged federal question jurisdiction under 28 U.S.C. § 1331. Although it is still "far from clear[,]" Doc. 14 at 2, it appears that Mr. Richmond is asserting a claim under the federal copyright laws for copyright infringement. Mr. Richmond doesn't invoke any federal statute or explicitly identify the federal cause of action he is asserting. Nevertheless, the court liberally construes his filings and finds that it alleges the court has federal question jurisdiction under 28 U.S.C. § 1331.

### *Screening Under 28 U.S.C. § 1915(e)(2)*

As already explained, plaintiffs proceed in forma paupers ("IFP") in this case. *See* Doc. 5 (granting motion for leave to proceed IFP but deferring screening under 28 U.S.C. § 1915(e)(2)). Under 28 U.S.C. § 1915(e)(2), the court must consider the merits of all cases in which a plaintiff proceeds IFP, and must dismiss any action that it determines "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). To determine whether a pro se plaintiff states a plausible claim, the "standard of review for dismissals under § 1915(e)(2)(B)(ii)" is the same as "Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements," are insufficient to state a claim. *Id.* The court "accept[s] the facts alleged in the complaint as true and view[s] them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

### *Plaintiffs' Complaint Fails to State a Claim*

Liberally construing the Complaint and plaintiffs' other filings as ones asserting a claim under the federal copyright laws, the court finds that plaintiffs fail to state a plausible claim for relief. As already noted, neither the Complaint nor any of the other filings invoke a federal statute to support a copyright infringement claim. Instead, the filings just repeatedly accuse defendants of using "copyrighted" ingredients for a barbeque sauce. *See* Doc. 1 at 2 (accusing defendants "of stealing and infringing his property"); *see also* Doc. 15 at 1 (alleging defendants "began using the plaintiffs['] ingredients copyrighted before agreement"); *see also* Doc. 18 at 4 (asserting that Mr. Richmond "has ownership copyrights . . . making [him] the real owner of the recipe and ingredients used to make" the barbeque sauce). But, plaintiffs haven't identified any copyright that they own on the ingredients used in the barbeque sauce. And, as previously explained, a "mere listing of ingredients" is "not subject to copyright[.]" Doc. 17 at 3 n.3 (first citing 37 C.F.R. § 202.1(a); then citing *Publ'ns Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473, 480 (7th Cir. 1996) (holding that "identification of ingredients necessary for the preparation of each dish is a statement of facts" and is not subject to copyright); then citing *Dow Jones & Co. v. Bd. of Trade of City of Chi.*, 546 F. Supp. 113, 116 (S.D.N.Y. 1982) (explaining that lists of ingredients aren't subject to copyright protection, thus courts deny copyright protection to lists of ingredients on the labels of food products (citations omitted))).

Mr. Richmond has alleged that he has a copyright on a "barbecue sauce label[.]" Doc. 15 at 2; *see also id.* at 3 (Certificate of Registration from the United States Copyright Office for

4

"Courtney Richmond Projects" including "BBQ Sauce Label" for "photograph" and "2-D artwork"); Doc. 18 at 1 (alleging that Mr. Richmond "copyrighted his labels with the same ingredients used to make his" sauce). But, plaintiffs never allege any facts supporting a federal cause of action based on this copyrighted artwork. Thus, plaintiffs have failed to allege a plausible claim for copyright infringement.

As a consequence, plaintiffs' Complaint "fails to state a claim on which relief may be granted" under federal law.[2] 28 U.S.C. § 1915(e)(2)(B)(ii). And, § 1915(e)(2)(B)(ii) requires the court to dismiss the case. *See id.* (directing that "the court *shall dismiss* the case at any time if the court determines that" a plaintiff proceeding IFP "fails to state a claim on which relief may be granted" (emphasis added)). Thus, the court dismisses plaintiffs' Complaint under § 1915(e)(2)(B)(ii) and without prejudice.

Also, the court denies as moot the Motion for Hearing (Doc. 19). Mr. Richmond's Response to the second Show Cause Order requests "a hearing and Jury Demand" and "if not that[,] a settlement for the breach of contract before the 2 year contract ended or severed." Doc. 19 at 5. Because plaintiffs have failed to state a plausible federal cause of action, the court dismisses this lawsuit. In light of the dismissal, no hearing is required or warranted here. The court thus dismisses the request for a hearing as moot.

---

[2] To the extent plaintiffs have alleged plausible state law claims for breach of contract or conversion, the court declines to exercise supplemental jurisdiction over those state law claims under 28 U.S.C. § 1367(a). *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138–39 (10th Cir. 2004) (explaining that decision whether to exercise supplemental jurisdiction is committed to district court's sound discretion); *see also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, *and usually should*, decline to exercise jurisdiction over any remaining state claims." (emphasis added)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failing to state a claim for relief.

**IT IS FURTHER ORDERED THAT** plaintiff Courtney Richmond's "Motion for Hearing" (Doc. 19) is denied as moot.

**IT IS SO ORDERED.**

Dated this 11th day of January, 2022, at Kansas City, Kansas.

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
